IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JAMES L. NAGY,

      Petitioner,

v.                                       Civil Action No.: 3:23-CV-87
                                                  (GROH)

MELISSA J. BAYLESS,

      Respondent.

## **REPORT AND RECOMMENDATION**

### I.    INTRODUCTION

On March 29, 2023, Petitioner, an inmate incarcerated at FCI Morgantown, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the BOP's determination that he is ineligible for early release through the completion of the RDAP program. ECF No. 1.[1] On March 31, 2023, Petitioner paid the filing fee. ECF No. 4.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-87, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Petition Filed Under 28 U.S.C. § 2241

The Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his three grounds for relief, the Petitioner claims that the Bureau of Prisons (BOP): (1) improperly refused to credit him his "earned" 12 months early release, as mandated by 18 U.S.C. § 3621(e), based on a false claim that the Petitioner was convicted of any offense involving the use or possession of a firearm; (2) falsely accused, charged, and convicted the Petitioner of 2 or 4 points of enhancements, which were not a part of his conviction, thereby enhancing the Petitioner's sentence; and (3) violated the Petitioner's equal protection rights by treating him differently than other similarly-situated inmates. ECF No. 1 at 5 – 6. Petitioner contends that he filed an administrative remedy, but admits that he received no response to his grievance at the BP-11 level, stating that the failure to respond was treated as denied after 80 days. Id. at 7. For relief, the Petitioner asks for the Court to order: (1) the Respondent's attorney to file a sworn affidavit, to show how, where, and when the Petitioner was convicted of any offense under United States Sentencing Guidelines § 2D1.1(b)(1); (2) the Respondent to provide evidence to support the conclusion that the Petitioner was convicted of any offense under United States Sentencing Guidelines § 2D1.1(b)(1); (3) the Respondent to grant the Petitioner his "earned" 12 months early release credit and update the Petitioner's projected release date, referral to Residential Reentry Center, or home confinement; and (4) that the Court deny any future request for a continuance by the Respondent. Id. at 8.

### B. Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment

Following the June 5, 2023, issuance of an order to show cause, the Respondent filed a motion to dismiss, or for summary judgment, with a memorandum and exhibits in support thereof on July 11, 2023. ECF No. 12, 12-1 through 12-3. Therein, Respondent argues that the Petitioner is not entitled to relief because: (1) he failed to exhaust his administrative remedies prior to filing his habeas corpus petition; (2) 18 U.S.C. § 3625 precludes judicial review of the BOP's early release determinations; (3) the preclusion or initiation of early release eligibility is discretionary for the BOP; and (4) the Petitioner's implication that the sentencing court did not adopt the 2-point Special Offense Characteristic (SOC) weapon enhancement is without merit. ECF No. 12-1.

### C. Petitioner's Response to the Motion to Dismiss or for Summary Judgment

The Petitioner filed a response on July 31, 2023, which contends that in the motion to dismiss or for summary judgment the Respondent: (1) failed to prove that the Petitioner's sentence was properly enhanced for firearm possession; (2) relied only on BOP Policy Statements[2] and employee statements; (3) incorrectly cites to a document which does not address sentence enhancement; (4) failed to disclose information to this Court; (5) misled this Court by citing to an imputed statement; (6) intentionally misled this Court by omission of a transcript; (7) cited to "non-relevant" cases to argue this Court is without jurisdiction; (8) "falsely alleged" that Petitioner failed to state a claim; (9) failed to explain why summary judgment is merited; (10) paralegals are in charge of interpreting the law and deciding eligibility for early release; (11) failed to provide evidence to this

---

[2] The Petitioner further contends that reliance on the BOP's Policy statements is "meritless" because no Policy Statement can violate the Constitution or law.

3

Court to support its "false declaration"; and (12) falsely claimed that the Petitioner's judgment shows that there was a firearm enhancement. ECF No. 15. The Petitioner's response does not address whether he has any valid excuse for failing to exhaust his administrative remedies. Id.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Exhaustion of Administrative Remedies

The Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.,[4] addresses the Bureau's Administrative Remedy Program, and directs inmates on the processes necessary to exhaust their administrative remedies by filing four mandatory[5] remedies: (1) an informal resolution (BP-8)[6]; (2) an administrative remedy at the facility

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[4] See https://www.bop.gov/policy/progstat/1330_018.pdf.

[5] Inmates who are incarcerated in Community Corrections Centers (CCCs) are not required to attempt informal resolution. BOP PS 1330.18 § 542.13.b.

[6] Many BOP institutional handbooks refer to the Informal Resolution Form as the BP-8 form. See:

5

(BP-9); (3) an appeal to the regional office (BP-10); and (4) a final appeal to the central office (BP-11). Failure to complete all four mandatory remedies is fatal to a claim based on the inmate's failure to exhaust administrative remedies.

The Fourth Circuit recognizes the process that inmates must follow to exhaust administrative remedies:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15 (2009). First, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP–9 form. The BP–8 and BP–9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP–10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP–11 form. *Id.*

Hill v. Haynes, 380 F. App'x 268, 269, n.1 (4th Cir. 2010).

### E. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the

---

1. FCI Waseca https://www.bop.gov/locations/institutions/was/was_ao_handbook_eng_031517.pdf;
2. FCI Oxford https://www.bop.gov/locations/institutions/oxf/OXF_aohandbook.pdf;
3. FPC Schuylkill https://www.bop.gov/locations/institutions/sch/SCH_camp_aohandbook.pdf;
4. USMC Springfield https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf;
5. USP Lewisburg https://www.bop.gov/locations/institutions/lew/LEW_smu_aohandbook.pdf;
6. FDC Tallahassee https://www.bop.gov/locations/institutions/tal/TAL_fdc_aohandbook.pdf;
7. FCI Fort Dix https://www.bop.gov/locations/institutions/ftd/FTD_aohandbook.pdf; and
8. USP/SCP McCreary https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf.

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a

legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### F. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are

irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not

lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV. ANALYSIS

#### A. Petitioner Failed to Exhaust his Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir. 2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532

U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. The Petitioner contends that he exhausted his administrative remedies by filing at the institutional, regional, and central offices. ECF No. 1 at 7. However, the Petitioner states that he had received "[n]o [r]esponse to date" at the time he filed his petition, and stated that the lack of response should be "[t]reated as [d]enied after 80 [d]ays." Id. Respondent submitted an exhibit which demonstrates that although Petitioner filed two administrative remedies, those were comprised of one filed at the institution (Remedy ID 1125085-F1), and one filed at the Regional Office (Remedy ID 1125085-R1). ECF No. 12-3 at 45. There is no Bureau of Prisons record of any administrative remedy filed at the Central Office.

The exhibits submitted by Respondent from the BOP show that the Petitioner failed to fully exhaust his claims, by properly submitting the administrative remedies, and receiving a final determination upon the merits. Rather, Petitioner's administrative remedies at the institutional and regional level were denied or closed, and any administrative remedy which was prepared for filing at the Central Office was never sent or received by the Central Office.

Additionally, Petitioner never asserts that he requested but was denied administrative remedy forms for filing BP-8, BP-9, BP-10, and BP-11 administrative remedies, which are required to exhaust pursuant to 28 C.F.R. § 542.13–.15, and BOP Program Statement 1330.18 § 542.10 et seq. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

11

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

Accordingly, it appears that Petitioner failed to exhaust all administrative remedies available to address his eligibility for early release through the completion of RDAP prior to filing the instant action. Although such a failure to exhaust may be excused for cause and prejudice, Petitioner has not demonstrated either cause or prejudice. The petition does not allege that Petitioner was denied access to the forms necessary to file administrative remedies, or that staff failed or refused to submit those forms once prepared by Petitioner. Although the Petitioner contends that he treated the lack of a response as a denial of his claim [ECF No. 1 at 7], the Petitioner failed to submit evidence that he filed such a claim with the Central Office. The Petitioner submitted a BP-11 form which he prepared for a Central Office Administrative Remedy Appeal [ECF No. 1-10], however, nothing reflects that the form was ever filed or submitted to the Central Office for consideration. This is consistent with the administrative remedy record [ECF No. 12-3

at 45] submitted by the Respondent which shows that the Petitioner filed two administrative remedies, Remedy ID 1125085-F1 with the institution, and Remedy ID 1125085-R1 with the Regional Office, but did not file any administrative remedies with the Central Office.

Further, in his response, the Petitioner failed to respond to the assertion that he failed to exhaust his administrative remedy at the Central Office. ECF No. 15. However, even if Petitioner had properly filed his administrative remedy with the Central Office, it is clear that Petitioner is not entitled to relief. Petitioner failed to ever receive a response— either a denial or grant of relief—to his Central Office level administrative remedies on the merits **before** filing suit. Pursuant to the holdings of McClung and Carmona, the undersigned finds that no cause or prejudice exists to excuse Petitioner's failure to exhaust.

Because Petitioner appears to have failed to exhaust his administrative remedies prior to filing this action, this court is without jurisdiction to consider the merits of the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

B.     **Petitioner is Not Entitled to Relief on the Merits**

Even if Petitioner's claims were considered on the merits, he is still not entitled to relief under § 2241. Petitioner contends that he is entitled to receive 12 months early release under 18 U.S.C. § 3621(e). ECF Nos. 1 at 1, 5. However, Respondent counters that the Bureau of Prisons has the discretion to preclude inmates from early release

eligibility where a Special Offense Characteristic enhancement is applied for possession of a weapon. ECF No. 12-1 at 12. Respondent contends that both the United States Sentencing Guidelines and decisions of the Supreme Court support this argument. Id.

The Respondent asserts that pursuant to U.S.S.G. § 2D1.1(b)(1) application note 11(A)[7], the Petitioner is precluded from receiving early release under 18 U.S.C. § 3621(e), because his conviction involved "the carrying, possession, or use of a firearm or other dangers weapon or explosives" and "by its nature or conduct, present[ed] a serious potential risk of physical force against the person or property of another," which terms preclude early release under 28 C.F.R. § 550.55. ECF No. 12-1 at 12.

Eligibility for early release is governed by 28 C.F.R. § 550.55, which provides in part:

> (a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
>
> (1) Were sentenced to a term of imprisonment under either:
> (i) 18 U.S.C. Chapter 227, Subchapter D for a non-violent offense; or
> (ii) D.C. Code § 24–403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23–1331(4); and

---

[7] The text of the subparagraph of the application note states:

(A) Application of Subsection (b)(1).—Definitions of "firearm" and "dangerous weapon" are found in the Commentary to §1B1.1 (Application Instructions). The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet. The enhancement also applies to offenses that are referenced to §2D1.1; see §§2D1.2(a)(1) and (2), 2D1.5(a)(1), 2D1.6, 2D1.7(b)(1), 2D1.8, 2D1.11(c)(1), and 2D1.12(c)(1).

https://www.ussc.gov/guidelines/2021-guidelines-manual/annotated-2021-chapter-2-d#2d11

> (2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.
>
> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> . . .
>
> (5) Inmates who have a current felony conviction for:
> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .

28 C.F.R. § 550.55.

Petitioner argues that he "was never accused, charged, or convicted with any offense of use or possession of [a] weapon (firearm) in connection with his current conviction." ECF No. 1 at 5 – 6. However, Respondent refers to a declaration filed as an exhibit which states that the court adopted the PSR without change, and that paragraph 39 of the PSR recommended at 2-level increase because the Petitioner "possessed numerous weapons" in relation to the offenses.[8] ECF No. 12-2 at 5 – 6, ¶ 17.

---

[8] The Petitioner's Judgment in a Criminal Case lists the following firearms which were seized:

(1) Russian SKS 7.62x39mm Caliber Rifle, Serial No.: MA294211RO;
(2) Smith & Wesson Magnum .357 caliber Revolver, Serial No.: CST2199;
(3) Sig Sauer SIG M400 5.56mm Rifle, Serial No.: 20C048844;
(4) Knight Muzzleloader .50 Caliber Black Powder Rifle, Serial No.: 311534;
(5) Browning Gold Hunter 12 Gauge Rifle, Serial No.: 113MV01933;
(6) Beretta 96 .40 Caliber Pistol, Serial No.: BER259170;
(7) Savage Arms 111 30.06 Caliber Rifle, Serial No.: G101798;
(8) Ruger 10/22 .22 Caliber Rifle, Serial No.: 000943126; and
(9) Raven Arms P25 .25 Caliber Handgun, Serial No.: 142009.

Respondent further cites to the sentencing transcript regarding the two-level SOC increase based on possession of a firearm. ECF No. 12-1 at 15. A review of the sentencing transcript itself provides further clarity of both the offense, and the firearm enhancement:

> THE COURT: Offense conduct. We'll use the following brief summary as both the offense conduct and the nature and circumstances of the offense once we get to the 3553(a) factors.
>
> Defendant purchased a warehouse with the intent of creating an indoor marijuana grow operation. He also used his own legitimate business, Shiny Car Auto Detailing, to pay his employees. He paid four individuals to work at the marijuana warehouse and tend to the marijuana plants. The operation produced approximately 40 pounds of marijuana per month.
>
> During a search of Nagy's various properties, law enforcement seized a large sum of cash and numerous firearms. Defendant is being held accountable for 1,580 marijuana plants.
>
> That's a brief summary. We have much more detail in the report itself, but that will suffice.
>
> Victim impact. No identifiable victims. But we do know when marijuana or other drugs are distributed, there's always victims. Everyone pays. All of us pay.
>
> There's no information indicating defendant either impeded or obstructed justice.
>
> As far as acceptance of responsibility, we heard that from Mr. Nagy a little while ago. He did give us a previous statement consistent with what we've heard today so far.
>
> Offense level computation. 2018 edition of the guidelines manual was used. All the counts are grouped. We start off with a base offense level of 24. Instant case involves 1,580 plants which equates to 158,000 grams, or 158 kilograms, of marijuana.

---

ECF No. 12-3 at 6.

> **Specific offense characteristic. Since a firearm was possessed, two-level increase is warranted. He had numerous firearms at his properties, add two.**
>
> **Specific offense characteristic. Since the defendant maintained a premises for the purpose of distributing drugs, two levels increased.**

N.D. Ohio 1:18-CR-181, ECF No. 152 at 17: 21 – 19:6 (emphasis added). Further, during the sentencing hearing, the Petitioner did not object to the imposed sentence. Id. at 31:5 – 7.

The documents from the Petitioner's conviction, including the judgment in his criminal case and the sentencing transcript, make clear that a 2-level enhancement was imposed for "carrying, possession, or use of a firearm or other dangers weapon or explosives" which "by its nature or conduct, present[ed] a serious potential risk of physical force against the person or property of another." Those are the very terms which preclude the Petitioner from eligibility for early release under 28 C.F.R. § 550.55.

The reasoning provided by the Respondent is consistent with the requirements of 28 C.F.R. § 550.55(c)(2), and further, the regulation itself makes clear that "As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release." 28 C.F.R. § 550.55(b). Accordingly, the Bureau's Director may exercise that discretion to determine an inmate's eligibility for release. This discretionary authority has been recognized by the Supreme Court based on earlier versions of the applicable C.F.R. provision, 28 C.F.R. § 550.58(a). See Lopez v. Davis, 531 U.S. 230, 244 (2001) ("Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the regulation excluding Lopez is permissible. The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with

17

the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision). See also Hicks v. Fed. Bureau of Prisons, 603 F. Supp. 2d 835, 838 (D.S.C.), aff'd, 358 F. App'x 393 (4th Cir. 2009) ("under the clear language of the regulation, even though Petitioner may have been convicted of possession only, he is still categorically excluded from early release consideration").

For all the above reasons, the undersigned finds that even if the Petitioner's claims were considered on the merits, that he fails to demonstrate he is entitled to relief.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Respondent's motion to dismiss, or in the alternative, for summary judgment [ECF No. 12] be **GRANTED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

DATED: September 28, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE